FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2015 NOV 18 AM 11:22
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR413-007 |
| ) | |
| GRILLY HOLLOWAY, JR., a/k/a ) | |
| Cheese, a/k/a Grill Cheese, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## O R D E R

Before the Court is Defendant Grilly Holloway Jr.'s Motion to Correct Clerical Error. (Doc. 780.) In the motion, Defendant suggests that his Presentence Investigation Report erroneously placed him in Criminal History Category III. (Id. at 1.) Defendant contends that at his sentencing the Court rejected the United States Probation Office's ("USPO") calculation of his criminal history as category III and concluded that the correct calculation was Criminal History Category II. (Id. at 2.) According to Defendant, a clerical oversight resulted in that change failing to be properly reflected in his Presentence Investigation Report. (Id.)

Defendant, however, is mistaken. At sentencing, the Court agreed with the USPO that Defendant's criminal history was correctly determined as category III. Defendant's confusion stems from the Court's conclusion

that a category III overrepresented Defendant's actual criminal history. Based on this assessment, the Court awarded Defendant a downward departure from the applicable guideline sentence, using the guideline range applicable to defendants with a criminal history of category II to arrive at Defendant's sentence of 121 months. Despite this departure, however, Defendant's criminal history category was properly calculated and recorded as category III.[1] Because no clerical error occurred in this case, Defendant's motion (Doc. 780) is **DENIED**.

SO ORDERED this 18th day of November 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court notes that it is unable to depart from the applicable guideline sentence when granting a Motion to Reduce Pursuant to 18 U.S.C. § 3582. <u>U.S. Sentencing Guidelines Manual</u> § 1B1.10(b)(2). As a result, the Court provided Defendant with the maximum reduction allowable when granting his Motion to Reduce. (Doc. 747.)